IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| ROZAIN ELIZABETH CASIE CHITTY, | CIVIL NO. 6:13CV00043 |
| *Plaintiff,* | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| LIBERTY UNIVERSITY, | |
| *Defendant.* | JUDGE NORMAN K. MOON |

The pro se Plaintiff[1] has filed a complaint and an application to proceed without prepaying fees or costs. I hereby grant Plaintiff's motion and dismiss the complaint pursuant to 28 U.S.C. § 1915 for failure to state a claim upon which relief may be granted.

## I.

Under 28 U.S.C. § 1915, district courts have a duty to screen initial filings and dismiss a complaint filed in forma pauperis "at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted. . . ." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). "[Section] 1915 permits district courts to independently assess the merits of in forma pauperis complaints, and 'to exclude suits that have no arguable basis in law or fact.'" *Eriline*, 440 F.3d at 656 (quoting *Nasim v. Warden, Md. House of Correction*, 64 F.3d

---

[1] The complaint states that, when Plaintiff was admitted to Liberty University School of Law ("LUSOL") in 2006, she "was already an attorney in the US, with a foreign law degree (LL.B), and an LL.M., a recipient of a World Bank scholarship to Boston University law school, and a former law professor in her native country of Sri Lanka."

951, 954 (4th Cir. 1995)).

## II.

As it stands, the complaint fails to state a legal claim upon which relief may be granted.[2]

Principles requiring generous construction of pro se pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or

---

[2] "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Count 1 of the complaint, "Breach of Contract," alleges that Plaintiff "entered into a long term contract with" Liberty University "when she was admitted to its law school in 2006" and that "[t]here were various breaches of that contract by the Defendant until the present time." However, "[i]n Virginia, in order for there to be a contract there must be an absolute mutuality of engagement so that each party is bound and has the right to hold the other party to the agreement," and Plaintiff's conclusory allegations do not suggest that Plaintiff and LUSOL reached such an agreement. *Davis v. George Mason Univ.*, 395 F. Supp. 2d 331, 337 (E.D. Va. 2005).

Count 2 alleges "Fraud" on the ground that the dean of LUSOL sent transcripts to another law school that reflected that Plaintiff's "Incomplete" grades had been changed to failing grades. When a plaintiff asserts a claim for fraud, she must state with particularity the circumstances that constitute the fraud. Fed. R. Civ. P.  9(b). Failure to comply with this particularity requirement is treated as a failure to state a claim under Rule 12(b)(6). *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 n. 5 (4th Cir. 1999). "[T]he 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Id.* at 784 (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 290 at 590 (2d ed. 1990)). Construed in the light most advantageous to Plaintiff, her fraud allegations do not suggest what the dean of LUSOL could have intended to obtain by making the alleged misrepresentation.

Count 3, "Negligence," alleges that, when "Ms. Chitty was enrolled as a law student" at LUSOL, she was "owed a duty of care" that LUSOL "breached by refusing to comply with [American Bar Association] rules in its treatment of Ms. Chitty." In Virginia, to establish her case for negligence, Plaintiff must show "the existence of a legal duty, a breach of that duty, and proximate causation resulting in damage." *Atrium Unit Owners Ass'n v. King*, 266 Va. 288, 293 (2003). Plaintiff's conclusory allegations do not suggest that, under Virginia law, LUSOL "owed" her "a duty of care" imposed by American Bar Association rules.

Count 4 alleges "Negligent Misrepresentation" on the ground that LUSOL's dean "had no reasonable grounds to believe that his statement was true" when he "represented to the Plaintiff that the correct version of her transcripts were sent" to another law school "to which she was seeking admission in the fall of 2011." A "negligent misrepresentation" claim is essentially a "constructive fraud" claim. *Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.*, 256 Va. 553, 559 (1998) ("The essence of constructive fraud is negligent misrepresentation."); *see also Bay Point Condo. Ass'n, Inc., v. RML Corp.*, 2000 WL 33268342, at *8 (Va. Cir. Ct. July 18, 2000) (the Supreme Court of Virginia has not recognized a separate and independent cause of action for negligent misrepresentation, and where it has been alleged, it has been so alleged only as the basis for a claim of fraud) (citing *Richmond Metro. Auth.*); *Mortarino v. Consultant Eng'g Servs., Inc.*, 251 Va. 289, 293 (1996); *Jefferson Standard Life Ins. Co. v. Hendrick*, 181 Va. 824, 832 (1943)). As with the fraud claim she posed in Count 2, Plaintiff's cause of action for fraud by negligent misrepresentation is not supported by sufficient pleading of the particular content and circumstances of the alleged misrepresentations to satisfy Rule 9(b).

inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). And, although district courts have a duty to construe pro se pleadings liberally, a pro se plaintiff must nevertheless allege facts that state a cause of action, and district courts are not required "to conjure up questions never squarely presented to them."[3] *Beaudett*, 775 F.2d at 1278 (adding that "[d]istrict judges are not mind readers").

Plaintiff is advised that, although "detailed factual allegations" are not required, her "obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"; in other words, her "factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

---

[3] I add that a court is not obliged to ferret through a complaint, searching for viable claims. *See Holsey v. Collins*, 90 F.R.D. 122 (D. Md.1981) (although pro se complaint contained potentially viable claims, the court properly dismissed without prejudice under Rule 8 of the Federal Rules of Civil Procedure because voluminous, repetitive, and conclusory complaint is not a "short and plain statement" of facts and legal claims; the court specifically observed that dismissal under Rule 8 was proper because such a complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be," and "imposes a similar burden on the court to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors"); *see also Spencer v. Hedges*, 838 F.2d 1210 (Table) (4th Cir. 1988). In the context of Rule 8, it is clear that a plaintiff must provide enough detail to illuminate the nature of the claim and allow defendants to respond. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

Here, the complaint does not comply with the requirements of Rule 8. In addition to the call in Rule 8(a)(1) for "a short and plain statement of the grounds for the court's jurisdiction," Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d)(1) requires that each averment of a pleading be "simple, concise, and direct." A pleading "does not have to set out in detail the facts on which the claim for relief is based," 2 Moore's Federal Practice ¶ 8.04[1], at 8-22 (3d ed. 2002), but must give the court and the defendant "fair notice of what that plaintiff's claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, the complaint is not a "short and plain statement," nor is it "concise and direct," as required by Rule 8, and it could be dismissed on that alternative ground. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986))).

omitted).  A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).  Accordingly, courts are entitled to dismiss claims when the pleadings are "conclusory." *Id.*, 556 U.S. at 681 ("To be sure, we do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . .  It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth.").

### III.

For these reasons, the motion to proceed in forma pauperis is **GRANTED**, and the Clerk of the Court is **DIRECTED** to file the complaint, which is hereby **DISMISSED without prejudice**, and the case is **STRICKEN** from the court's active docket.

It is so **ORDERED**.

The Clerk of the Court is hereby directed to send a certified copy of this order to the pro se Plaintiff and to Liberty University.

Entered this ___25TH___ day of July, 2013.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE